NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA MARTINEZ-LOPEZ, AKA Maria Garcia, AKA Maria Guadalupe Garcia Lopez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-73375 <br><br> Agency No. A205-312-852 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019[**]

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Maria Martinez-Lopez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order summarily affirming an

immigration judge's decision denying her application for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Martinez-Lopez's challenges to the BIA's streamlining procedure fail. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850-52 (9th Cir. 2003) (concluding that the BIA did not violate petitioners' due process rights by streamlining their appeal); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

To the extent Martinez-Lopez challenges the agency's determination that she failed to establish changed or extraordinary circumstances to excuse the untimely filing of her asylum application, the record does not compel a contrary conclusion. *See* 8 C.F.R. § 1208.4(a)(4)-(5). Thus, Martinez-Lopez's asylum claim fails.

Substantial evidence supports the agency's conclusion that Martinez-Lopez failed to establish she suffered harm in Mexico that rose to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (explaining that

18-73375

persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citation omitted)). Substantial evidence also supports the agency's determination that Martinez-Lopez failed to establish that any harm she fears in Mexico would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Martinez-Lopez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Martinez-Lopez failed to show it is more likely than not that she will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claims of possible torture speculative).

In light of this disposition, we need not reach Martinez-Lopez's remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**